# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CECILIA E. ALFARO, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-1912** |
| **NATIONAL RAILROAD PASSENGER CORPORATION, ET AL.** | **SECTION: "S" (2)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. #10) is **DENIED**.

## BACKGROUND

On June 18, 2010, an National Railroad Passenger Corporation d/b/a/ Amtrak ("Amtrak") train traveling on rails owned and maintained by Illinois Central Railroad Company d/b/a Canadian National/Illinois Central ("Canadian National") collided with an automobile at the Capace Road railroad crossing in Tangipahoa Parish, Louisiana. All of the vehicle's occupants were killed. Their survivors filed this action against Amtrak, Canadian National, the Tangipahoa Parish Council, and the State of Louisiana, through the Department of Transportation in the 21st Judicial District Court for the Parish of Tangipahoa, State of Louisiana, alleging that the defendants' negligence caused the accident.

Amtrak timely removed the action to the United States District Court for the Eastern District of Louisiana alleging that this court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1349, because it is federally chartered and the United States owns more than half of its capital stock. Amtrak also alleged that the consent of the other defendants to removal was unnecessary because no defendant had been served at the time of removal. Amtrak also alleges that this court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over plaintiffs' other claims because they arise out of the same events as plaintiffs' claims against Amtrak. Plaintiffs filed a motion to remand arguing that this court does not have federal question subject matter jurisdiction.

**ANALYSIS**

**1.    Legal Standard**

Motions to remand to state court are governed by 28 U.S.C. 1447(c), which provides that "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." The removing defendant bears the burden of demonstrating that federal jurisdiction exists and therefore that removal was proper. Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir.), cert. denied, 114 S.Ct. 192 (1993).

In assessing whether removal is appropriate, the court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that removal statutes should be strictly construed. See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.2002). Doubts regarding whether federal jurisdiction is proper should be resolved against federal jurisdiction. Acuna v. Brown & Root, 200 F.3d 335, 339 (5th Cir. 2000).

**2.      Amtrak and 28 U.S.C. § 1349**

Pursuant to 28 U.S.C. § 1349, the federal district courts have original jurisdiction over any civil action by or against any corporation that was incorporated by or under an Act of Congress and of which the United States is the owner of more than fifty percent of its capital stock. 28 U.S.C. § 1349; Osborn v. Bank of the United States, 22 U.S. (9 Wheat) 738 (1824); Pacific R.R. Removal Cases, 5 S.Ct. 1113 (1885). Amtrak is a federally chartered corporation and the United States owns more than fifty percent of its capital stock. See Miller v. Illinois Cent. R.R. Co., 474 F.3d 951, 952 (7th Cir. 2007). Therefore, this court has federal question subject matter jurisdiction over suit in which Amtrak is a party.[1]

**3.      Supplemental Jurisdiction Over Plaintiffs' Remaining Claims Pursuant to 28 U.S.C. § 1367**

Further, 28 U.S.C. § 1367 provides that:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367. Here, all of plaintiffs' claims against all of the defendants arise out of the June 18, 2010, collision between an Amtrak train and a vehicle at the Capace Road railroad crossing in

---

[1] Plaintiff contends that Amtrak's removal was procedurally improper because it did not obtain the other defendants' consent. However, only the consent of properly served defendants is required. Getty Oil Corp., a Division of Texaco, Inc. v. Insurance Co. of North America, 841 F.2d 1254, 1263 (5th Cir. 1988). Amtrak has alleged that no defendant was served at the time of removal.

3

Tangipahoa Parish, Louisiana. Therefore, this court has supplemental jurisdiction over the remainder of plaintiffs' claims.[2]

**CONCLUSION**

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (Doc. #10) is **DENIED**.

New Orleans, Louisiana, this <u>  26th  </u> day of August, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**

---

[2] Plaintiffs argue that remand is appropriate because the State of Louisiana through the Department of Transportation is not subject to suit in federal court due to sovereign immunity. Sovereign immunity is a waivable defense and does not automatically destroy original jurisdiction. <u>Wisconsin Dept. of Corrections v. Schacht</u>, 118 S.Ct. 2047, 2052-53 (1998).