UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CECILIA E. ALFARO, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-1912** |
| **NATIONAL RAILROAD PASSENGER CORPORATION, ET AL.** | **SECTION: "S" (2)** |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, Louisiana State Department of Transportation and Development ("DOTD") (Doc. #23), is **DENIED WITHOUT PREJUDICE** to the DOTD's reasserting the motion after the parties participate in a Rule 26(f) conference and discovery has been exchanged, because there are genuine issues of material fact regarding whether the DOTD assumed a duty regarding the safety of the Capace Road crossing.

**IT IS FURTHER ORDERED** that Plaintiffs' Rule 56(f) Motion (Doc. #24) is **GRANTED**.[1]

---

[1] Rule 56(f)(1) of the Federal Rules of Civil Procedure provides that the court can deny a motion for summary judgment "[i]f a party opposing the motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." Plaintiffs' attorney submitted an affidavit in which he stated that no discovery has been exchanged between plaintiffs and the DOTD.

**BACKGROUND**

On June 18, 2010, an National Railroad Passenger Corporation d/b/a/ Amtrak ("Amtrak") train traveling on rails owned and maintained by Illinois Central Railroad Company d/b/a Canadian National/Illinois Central ("Canadian National") collided with an automobile at the Capace Road railroad crossing in Tangipahoa Parish, Louisiana. All of the vehicle's occupants were killed. Their survivors filed this action against Amtrak, Canadian National, the Tangipahoa Parish Council, and the State of Louisiana, through the Department of Transportation and Development in the Twenty First Judicial District Court for the Parish of Tangipahoa, State of Louisiana, alleging that the defendants' negligence caused the accident. Amtrak timely removed the action to the United States District Court for the Eastern District of Louisiana. This court has federal question subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1349, because Amtrak is federally chartered and the United States owns more than half of its capital stock.

The DOTD filed a motion for summary judgment arguing that plaintiffs' claims against it should be dismissed because the Capace Road crossing is an "off-system crossing," i.e. one that does not traverse a roadway that is included in the State Highway System, and thus the DOTD does not have care, custody, or control of and does not maintain the crossing. In response, plaintiffs filed a motion pursuant to Rule 56(f) of the Federal Rules of Civil Procedure arguing that the DOTD's motion for summary judgment should be denied because there has been no discovery exchanged between plaintiffs and the DOTD.

**ANALYSIS**

**I.     The DOTD's Motion for Summary Judgment**

   **A.     Summary Judgment Standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); FED. R. CIV. PROC. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celeotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The non-movant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case. Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

   **B.     The DOTD Is Not Entitled to Summary Judgment at this Time**

The DOTD argues that it is entitled to summary judgment because the Capace Road crossing is an off-system crossing for which it does not have the duty to repair or maintain.

Under Louisiana law, "[t]he duty to repair and maintain a road in a safe manner falls upon the political body that has jurisdiction over the road." Clay v. Papillion, 653 So.2d 774, 775 (La. Ct. App. 1995).  Further, the governing authority with jurisdiction over the roadway has "the duty to

erect warning signs to warn motorists of unusually dangerous conditions such as dangerous railroad crossings." Rivere v. Union Pac. R. Co., 647 So. 2d 1140, 1148 (La. Ct. App. 1994) (citing Chaney v. Nat'l R.R. Passenger Corp., 583 So.2d 926 (La. Ct. App. 1991)). The DOTD has jurisdiction over the State highways, and is responsible for the maintaining the reasonable safety of those highways for persons exercising ordinary and reasonable prudence. Laque v. St. Charles Parish, 444 So.2d 742, 744 (La. Ct. App. 1984). Thus, the DOTD generally does not have a duty to maintain, repair, or provide warning signs at off-system crossings that are not a part of the State Highway System. See Webb v. So. Pac. R.R. Co., 617 So. 2d 618 (La. Ct. App. 1993). However, the DOTD can assume a duty for an off-system crossing by taking an active role in its maintenance or control. See Renfro v. Burlington N. And Santa Fe R.R., 945 So. 2d 857, 861 (La. Ct. App. 2007) (finding that there were questions of material fact as to whether the DOTD assumed a duty regarding an off-system crossing by involving itself in many decisions regarding its closure and subsequent reopening).

In this case, the DOTD did not have a legal duty regarding the safety of the Capace Road crossing because it was an off-system crossing. However, no discovery has been conducted. Thus, there are questions of material fact regarding whether the DOTD assumed such a duty as to the Capace Road crossing by taking an active role in its maintenance or control.[2]

---

[2] Some information in the DOTD's possession may be privilege under 23 U.S.C. § 409, which protects certain documents prepared for the purpose of developing a highway safety construction improvement project that may be implemented using Federal funds from discovery and admission into evidence. However, plaintiffs are entitled to propound discovery requests under the Federal Rules of Civil Procedure, may discover any non-privileged information, and should receive a privilege log from the DOTD detailing the documents that it contends are subject to the privilege.

## CONCLUSION

**IT IS HEREBY ORDERED** that the Motion for Summary Judgment filed by defendant, the DOTD (Doc. #23), is **DENIED WITHOUT PREJUDICE** to the DOTD's reasserting the motion after the parties participate in a Rule 26(f) conference and discovery has been exchanged.

**IT IS FURTHER ORDERED** that Plaintiffs' Rule 56(f) Motion (Doc. #24) is **GRANTED**.

New Orleans, Louisiana, this  9th  day of November, 2010.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**