UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CECILIA ELIZABETH ALFARO ET AL. | CIVIL ACTION |
| VERSUS | NO. 10-1912 |
| NATIONAL RAILROAD PASSENGER CORP. (AMTRAK) ET AL. | SECTION "S" (2) |

## ORDER ON MOTION

APPEARANCES:  None (on the briefs)

MOTION:  Defendants' Motion to Dismiss Under Federal Rule of Civil Procedure 37(d) and/or 41(b), Alternative Motion to Compel Discovery Responses and Deposition Testimony, Record Doc. No. 72

O R D E R E D:

 XXX : GRANTED IN PART AND DENIED IN PART. The motion is denied at this time insofar as it seeks the draconian remedy of dismissal, either as a discovery sanction or for failure to prosecute. Dismissal, either as a discovery sanction or for failure to prosecute, is reserved exclusively for clear records of contumacious and continuing discovery misconduct or delay, ordinarily involving failure to comply with court orders. See [under Rule 37 as a discovery sanction] Fed. R. Civ. P. 37(b)(2)(A)(v); Doe v. American Airlines, 283 Fed. Appx. 289, 2008 WL 2570789, at *2 (5th Cir. 2008), cert. denied, 129 S. Ct. 1003 (2009); Davis v. Auto Club Family Ins. Co., No. 07-8545, 2008 WL 5110619, at *1 (E.D. La. Dec. 2, 2008) (Vance, J.) (citing Federal Deposit Ins. Corp. v. Conner, 20 F.3d 1376, 1381 (5th Cir. 1994); Equal Employment Opportunity Comm'n v. General Dynamics Corp., 999 F.2d 113, 119 (5th Cir. 1993); Batson v. Neal Spelce Assocs., Inc., 765 F.2d 511, 515 (5th Cir. 1985)); [under Rule 41 for failure to prosecute] Torns v. State of Miss. Dept. of Corrections, 262 Fed. Appx. 638, 639, 2008 WL 217771, *1 (5th Cir. 2008); Raborn v. Inpatient Management Partners, Inc., 278 Fed. Appx. 402, 404-05, 2008 WL 2073880, *2 (5th Cir. 2008).

So far, plaintiff has not failed to comply with a discovery or other court order. In addition, while plaintiff's failures to appear for his noticed deposition or to provide discovery responses have been dilatory, I cannot conclude that plaintiff's conduct has yet

reached the point of contumaciousness sufficient to support dismissal. Plaintiff is a foreign national with limited access to his counsel. Under these circumstances, I find that dismissal is not appropriate at this time, and I decline to recommend dismissal to the presiding district judge. 28 U.S.C. 636(b)(1)(B).

The motion is granted insofar as it seeks an order requiring plaintiff to respond to the subject interrogatories and requests for production and to appear for his deposition. All <u>objections</u> to the written discovery (as differentiated from answers), which certainly could have been asserted and signed before now by plaintiff's counsel, who was capable of asserting purely legal objections on plaintiff's behalf without his input, Fed. R. Civ. P. 33(b)(1)(5), are deemed waived, except for attorney client privilege or work product objections, which are preserved.

**IT IS ORDERED** that plaintiff must provide defendant with written responses to the subject discovery, together with production of all non-privileged responsive materials, no later than **December 16, 2011**. **IT IS FURTHER ORDERED** that plaintiff Enrique Herrara Mejia must appear for his deposition at the office of defendant's counsel, 400 Poydras Street, Suite 2700, New Orleans, Louisiana, on **Friday, January 13, 2012, beginning at 9:00 a.m.** The dates set herein for the required written discovery responses, document production and deposition appearance may be varied only upon written stipulation of all parties or order of the court, upon motion. This is a discovery order. Failure of plaintiff to comply may result in the imposition of sanctions under Fed. R. Civ. P. 37(b).

The motion is denied insofar as it seeks an award of monetary sanctions at this time. The portion of the motion requesting dismissal was unwarranted and cannot support an award of sanctions. As to the failure to provide discovery responses, I find that the circumstances concerning plaintiff's whereabouts and his status as a foreign national apparently returning to his home country after the death of his fiancee and unborn child would make an award of expenses at this time unjust. Fed. R. Civ. P. 37(a)(5)(A)(iii) and (C).

New Orleans, Louisiana, this   30th   day of November, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE