UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CECILIA E. ALFARO ET AL.                          CIVIL ACTION

VERSUS                                            NO. 10-1912

NATIONAL R.R. PASSENGER                           SECTION "S" (2)
CORP. ET AL.

## ORDER AND REASONS ON MOTIONS

This is a personal injury and wrongful death case seeking damages arising from a collision between plaintiffs' vehicle and an Amtrak train at a state road crossing. The following motions are pending before me: (1) Plaintiffs' Motion to Compel Discovery (from State DTD), Record Doc. No. 80, and (2) Plaintiffs' Motion to Compel Discovery (from Amtrak), Record Doc. No. 81. Defendants, National Railroad Passenger Corporation ("Amtrak") and Illinois Central Railroad Company ("IC"), filed a timely written opposition. Record Doc. No. 84. Defendant, the State of Louisiana, through the Department of Transportation and Development, was granted leave to file a late opposition memorandum. Record Doc. Nos. 88 - 90. Having considered the record, the applicable law and the written submissions of counsel, **IT IS ORDERED** that the motions are DEFERRED IN PART, DISMISSED AS MOOT IN PART, GRANTED IN PART AND DENIED IN PART as follows:

Initially, I note that the court specifically disapproves of the manner in which plaintiffs have combined their interrogatories and requests for production into a single consolidated request because it leads to confusion concerning the nature of each request and makes compliance with Fed. R. Civ. P. 33(b) and 34(b)(2) concerning the content and manner of response extremely difficult. Plaintiffs' counsel must refrain from this odd practice in the future. In an effort to clarify the state of discovery and end this confusion, I have treated each request as what it is, in fact. In addition, in providing those supplemental written responses specifically required in this order, defendants must provide supplemental interrogatory answers separate and distinct from any supplemental responses to requests for production.

(1)  Plaintiffs' Motion to Compel Discovery (State DTD Motion)

Determination of this motion is deferred insofar as it seeks production of the withheld materials listed on the State's privilege logs and described in greater detail in the State's opposition memorandum. Record Doc. Nos. 80-5 and 88-2 at pp. 5-9. As to these materials, the State has asserted privilege, including the protections from disclosure provided in various federal railway carrier transportation statutes and regulations, 49 U.S.C. § 20903, 23 U.S.C. §§ 130 and 409. The State suggests that in camera review of these materials by the court will alone be sufficient to establish their privileged status, and I will certainly review the materials. The State must deliver them to me -- along with the "Confidential Report" identified as responsive to Interrogatory/ Request No. 8, Record

Doc. No. 88-2 at p. 10, for my in camera review no later than **February 6, 2012**. I note, however, that the legal standards applicable to these privilege assertions include determination that the materials were made, compiled or collected for particular purposes pursuant to the federal statute or Fed. R. Civ. P. 26(b)(3). See Pierce County, Washington v. Guilllen, 537 U.S. 129 (2003); Long v. State of Louisiana, 916 So. 2d 87 (La. 2005); Palacios v. Louisiana and Delta Railroad, Inc., 740 So. 2d 95 (La. 1999). The party resisting discovery by asserting any privilege bears the burden of proof sufficient to substantiate its privilege claim and cannot rely merely on a blanket assertion of privilege. High Tech Commc'ns, Inc. v. Panasonic Co., No. 94-1447, 1995 WL 45847, at * 1 (E.D. La. Feb. 2, 1995) (Vance, J.) (citing Hodges, Grant & Kaufman v. United States, 768 F.2d 719, 721 (5th Cir. 1985)); In re Shell Oil Ref., 812 F. Supp. 658, 661 (E.D. La. 1993) (Mentz, J.).

> Once the proponent has properly asserted the privilege claim and the requisite information about the allegedly privileged document provided to the opponent, the proponent must substantiate all actual assertions about the claim. This is usually done through supporting affidavits from individuals with personal knowledge of the relevant facts, exhibits attached to the motion and briefs, discovery responses, pleadings and other undisputed facts. . . . To the extent that evidentiary support for the factual basis of the privilege is not forthcoming, the claim is little more than a bald, conclusory, or ipse dixit assertion. The court will deny such an assertion because it forecloses meaningful independent inquiry by the finder of facts (the judge) into the validity of the claim. . . . Although an attorney's word may be "taken on its face," a privilege claim is not self-executing. It requires more proof than a conclusion by the party asserting the claim (or his attorney) that it is justified.

P. Rice, Attorney-Client Privilege in the United States § 11:10 at 977-80 (Lawyers Cooperative 1993) (emphasis added).

Thus, the State is hereby instructed that any evidence necessary to establish any privilege or other protective doctrine, if the in camera materials themselves fail to do so on their face, must also be filed, submitted to me and served on the other parties no later than **February 6, 2012**. Failure properly to support any privilege or other reason for preclusion from discovery with necessary evidence will result in a finding that the materials are not protected from discovery.

The motion is denied as to the portions of Nos. 7, 8, 11, 12, 13 and 17 that constitute interrogatories. Subject to the verification requirement noted below, the answers are sufficient. The motion is deferred for the reasons set out above insofar as these requests constitute Rule 34 requests for production.

The motion is denied as to Interrogatories/Requests for Production Nos. 10 and 14. While the objection is obviously misplaced, the responses that (a) the State has no such information or materials is sufficient in response to No. 10, and (b) that no such procurement attempts were made is sufficient in response to No. 14, subject to the verification requirement set below.

Determination of the motion is deferred as to Interrogatory/Request for Production No. 16, pending further review of the privilege assertion as discussed above.

The motion is dismissed as moot as to Interrogatories/Requests for Production Nos. 24, 26, 29, 31 and 37.[1] In their motion papers, plaintiffs concede that the State's responses to Nos. 24 and 26 have "satisfied" their requests and that its responses to Nos. 29, 31 and 37 are "adequate." Record Doc. No. 80-1 at p. 12. Accordingly, this portion of the motion is moot.

Although partially styled in its caption as an interrogatory, No. 27 is in fact phrased strictly in terms of a Rule 34 request for production. Thus, to whatever extent, if any, that the motion seeks some sort of interrogatory answer in response to No. 27, it is denied. Insofar as No. 27 constitutes a request for production, the motion is deferred, pending further review of the privilege assertion as discussed above.

The motion is denied as to Interrogatory/Request No. 42. Although partially styled in its caption as an interrogatory, No. 42 is in fact phrased strictly in terms of a Rule 34 request for production. Thus, to whatever extent, if any, that the motion seeks some sort of interrogatory answer in response to No. 42, it is denied. Insofar as No. 42 constitutes a request for production, the motion is denied because the response provides plaintiffs with the information necessary for them to inspect the requested material.

---

[1]The court previously granted plaintiffs leave to exceed the limit on the number of interrogatories. Record Doc. No. 40.

(2) Plaintiffs' Motion to Compel Discovery (Amtrak)

The motion is dismissed as moot insofar as it seeks production of the Louisiana State Police report described in the motion concerning the accident. Defendants have conceded in their opposition memorandum that their initial designation of the report as privileged in some way was erroneous and that they have since produced the report. Record Doc. No. 84 at pp.5-6 and Exhibit 2. Thus, the motion is moot as to Interrogatory/Request for Production No. 31 and any portion of other discovery requests as to which this report might be responsive.

The motion is denied insofar as it seeks production of the completed FRA form F6180.55 concerning the accident. The evidence submitted by defendants in opposition to the motion, specifically a blank version of the same official form, Record Doc. No. 84-3, Exhibit 3, which is self-authenticating pursuant to Fed. R. Evid. 902(5), establishes on its face that it is precluded from discovery pursuant to 49 U.S.C. § 20903 and 49 C.F.R. § 225.7(b). Thus, the motion is denied as to any discovery request as to which production of the completed form or revelation of its contents might be responsive.

The motion is granted in part and denied in part as to Interrogatory/Request for Production No. 3, subject to the order contained herein. Insofar as this request constitutes an interrogatory, the objections are overruled. Any work product or other privilege that might apply to witness statements applies only to the statement itself and not to

identifying information of the type sought in the interrogatory portion of this request. Thus, a full and complete interrogatory answer must be provided as to this request, without objection. Insofar as this request constitutes a Rule 34 Request for Production, however, it is denied at this time as premature. Witness statements may or may not constitute material protected from discovery. <u>See e.g.</u>, Fed. R. Civ. P. 26(b)(3). If defendants are withholding from discovery any material identified in their supplemental answer to the interrogatory portion of this request on any privilege or other protective doctrine ground, they must list the material in a supplemental privilege log and be prepared to establish the existence of any such protective doctrine with evidence. Plaintiffs may then make an informed determination whether they will challenge any such assertion in a new motion to compel.

The motion is granted as to Interrogatory/Request for Production No. 7. All objections are overruled. Defendants must expedite and complete their search for responsive information and materials by the date set below and provide new written responses, both to the interrogatory and request for production portions of No. 7.

The motion is denied as to Interrogatory/Request for Production No. 8. This request is overly broad in terms of the 32-year time period stated. However, defendants have clearly stated in their response that they do not have responsive information or materials in their possession, custody or control. This response is sufficient.

The motion is granted in part and denied in part as to Interrogatory/Request for Production No. 11. The current response states only that defendants "have not been able to locate" responsive materials or information. Defendants must expedite and complete their search by the date set below and provide a new written answer to this interrogatory and response to the request for production portion, with a supplemental privilege log, if appropriate, clearly providing information responsive to the interrogatory, if they have any, and stating whether or not they have any responsive materials in their possession, custody or control. The motion is denied as premature insofar as it seeks an order overruling the privilege assertion, which is preserved for later determination as to any such materials, if necessary.

The motion is denied as to Interrogatory/Request for Production Nos. 12, 14 and 17. The current responses stating that defendants have no responsive information or materials in their possession, custody or control are sufficient. If plaintiffs have <u>evidence</u> establishing that these responses are false, they may file a new motion for appropriate sanctions.

The motion is denied insofar as Request No. 26 constitutes a request for production. The current response is sufficient. The motion is granted insofar as No. 26 constitutes an interrogatory because the current response is incomplete. Defendants must

expedite and complete their search for responsive information and provide a complete answer to this interrogatory by the date set below.

Although partially styled in their captions as interrogatories, Nos. 27 and 41 are in fact phrased strictly in terms of Rule 34 requests for production. Thus, to whatever extent, if any, that the motion seeks some sort of interrogatory answers in response to Nos. 27 and 41, it is denied. Insofar as these constitute requests for production, the motion is granted in part and denied in part as to No. 27 as follows: The ten-year period is overly broad, and the request is hereby limited to the time period three (3) years preceding the subject accident to the present. If defendants have in their possession, custody or control, materials reflecting the "calls" described in their supplemental response, they must make them available to plaintiffs for their inspection and related Rule 34 activities. Fed. R. Civ. P. 34(b)(E)(i). In this way, the burden of reviewing daily log reports will be on plaintiffs, not defendants. If defendants have no responsive materials in their possession, custody or control, they must clearly say so in a new written response. As to No. 41, all objections are overruled. Defendants must expedite and complete their search for responsive materials and produce them by the date set below.

Although partially styled in their captions as requests for production, Nos. 32, 33, 34, 35 and 36 are in fact phrased strictly in terms of interrogatories. Thus, to whatever extent, if any, that the motion seeks some sort of production of materials in response to

Nos. 32, 33, 34, 35 and 36 as if they were Rule 34 requests for production, it is denied. Insofar as these constitute interrogatories, the motion is granted. Defendants must provide full and complete answers to Interrogatories Nos. 32 - 34, and must expedite and complete their search for responsive information and provide complete answers to Interrogatories Nos. 35 and 36, by the date set below.

\* \* \*

In addition, I note that the copies of discovery responses provided to me in connection with these motions do not contain the verification of interrogatory answers, signed under oath by the party making them – not by counsel – as required by Fed. R. Civ. P. 33(b)(1), (3) and (5). The required verification of all interrogatory answers must be produced.

All supplemental interrogatory answers, written responses to requests for production, supplemental privilege logs and additional responsive materials, if any, required by this order must be produced to plaintiffs by defendants no later than **February 13, 2012**.

All requests for awards of attorney's fees and costs incurred in connection with these motions are denied for two reasons. First, it appears from the nature of some of the purported disputes described in these motions that plaintiffs failed to comply with their obligations under Fed. R. Civ. P. 37(a)(1) before filing these motions. Second, the

motions have been granted in part and denied in part. Under these circumstances, I find that a reasonable apportionment of the fees and expenses incurred is that all parties should bear their own. Fed. R. Civ. P. 37(a)(5)(A)(i) and (C).

New Orleans, Louisiana, this   30th   day of January, 2012.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE