UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CECILIA E. ALFARO ET AL. | CIVIL ACTION |
| VERSUS | NO. 10-1912 |
| NATIONAL R.R. PASSENGER CORP. ET AL. | SECTION "S" (2) |

## ORDER AND REASONS ON MOTION

Plaintiffs' Motion to Compel Discovery, Record Doc. No. 80, was previously deferred in part to require defendant, the State of Louisiana through the Department of Transportation and Development ("DOTD"), to provide to the court for in camera review the "Confidential Report" identified as responsive to Interrogatory/ Request No. 8, Record Doc. No. 88-2 at p. 10, and the withheld materials listed on the State's privilege logs. These are materials as to which the State has asserted privilege, relying upon federal railway carrier transportation statutes and regulations, including 49 U.S.C. § 20903, 23 U.S.C. §§ 130 and 409. The State has also submitted evidence to support the privilege; specifically, the affidavit of William C. Shrewsberry, Jr., DOTD Highway/Rail Safety Engineer. Record Doc. No. 95-1.

23 U.S.C. § 409 provides:

> Notwithstanding any other provision of law, reports, surveys, schedules, lists, or data <u>compiled or collected for</u> the purpose of identifying, evaluating, or planning the safety enhancement of potential accident sites, hazardous roadway conditions, or railway-highway crossings, pursuant to sections 130, 144, and 148 of this title or for the purpose of developing any highway safety construction improvement project which may be implemented utilizing Federal-aid highway funds <u>shall not be subject to discovery or admitted into</u>

<u>evidence in a Federal or State court proceeding or considered for other purposes in any action for damages arising from any occurrence at a location mentioned or addressed in such reports, surveys, schedules, lists, or data</u>. (emphasis added).

<u>See</u> <u>Pierce County, Washington v. Guillen</u>, 537 U.S. 129 (2003).

The protections from discovery provided by this statute and its application to these materials is clear. Thus, having reviewed the subject documents in camera, together with the supporting evidence, I find that they are <u>not</u> "subject to discovery," as provided in Section 409. Accordingly, **IT IS ORDERED** that the portion of plaintiff's motion seeking production of the withheld materials submitted to me for in camera review is hereby DENIED.

New Orleans, Louisiana, this ____17th____ day of February, 2012.

                                                      JOSEPH C. WILKINSON, JR
                                                    UNITED STATES MAGISTRATE JUDGE