UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CECILIA E. ALFARO, ET AL.                              CIVIL ACTION

VERSUS                                                 NO: 10-1912

NATIONAL RAILROAD                                      SECTION: "S" (2)
PASSENGER CORPORATION, ET
AL.

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration of this Court's October 3, 2012, Ruling on the Defendants' Motions for Summary Judgment (Doc. #214) is **DENIED**.

## BACKGROUND

This matter is before the court on a motion for reconsideration filed by the plaintiff, Cecilia Alfaro, individually and on behalf of her deceased children Emelin Alfaro, Eduardo Alejandro Paz Alfaro, Joel Angel Paz Alfaro, and Israel Paz Alfaro.[1] Cecilia Alfaro argues that this court should reconsider its October 3, 2012, Order and Reasons in which it granted the defendants' motions for summary judgment and dismissed all of her claims. Cecilia Alfaro argues that she has "newly discovered evidence" that was not available before the court issued its ruling, and that the court did not adequately address all of her claims.

---

[1] Cecilia Alfaro claims that she also filed the motion on behalf of her minor child Abigail Paz Alfaro. However, she does not contest the court's ruling in the October 3, 2012, Order and Reasons dismissing Abigail's wrongful death claims for the deaths of her siblings.

**ANALYSIS**

**A.    Legal Standard**

The Federal Rules of Civil Procedure do not recognize a motion for reconsideration. Bass v. U.S. Dep't of Agric., 211 F.3d 959, 962 (5th Cir. 2000). The United States Court of Appeals for the Fifth Circuit has held nonetheless that if such a motion is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion will be treated as motion to alter or amend under Rule 59(e). Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 371 n. 10 (5th Cir. 1998); see also FED. R. CIV. PRO. 59(e). Because plaintiffs filed the instant motion on October 31, 2012, the motion will be subject to the standards for Rule 59(e).

A Rule 59(e) motion calls into question the correctness of a judgment. In re Transtexas Gas Corp., 303 F.3d 571, 581 (5th Cir. 2002). The court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration under Rule 59(e). Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 174 (5th Cir. 1990). "Rule 59(e) is properly invoked to correct manifest errors of law or fact or to present newly discovered evidence." In re Transtexas Gas Corp., 303 F.3d at 581. "A Rule 59(e) motion should not be used to relitigate prior matters that should have been urged earlier or that simply have been resolved to the movant's dissatisfaction." In re Self, 172 F. Supp. 2d 813, 816 (W.D. La. 2001).

**B.    Plaintiff's Arguments**

    **1. New Evidence**

Cecilia Alfaro argues that she has acquired "new evidence" that was not available prior to the court's October 3, 2012, ruling. This "new evidence" is the deposition testimony of various

witnesses, including Ronald R. Stilley, Sr. and Diana Mendez deposed on September 26, 2012, who executed affidavits that the plaintiff used to support her opposition to the defendants' motions for summary judgment. None of the deposition testimony cited is pertinent to the issues decided in the motions for summary judgment. Further, Stilley's and Menendez's deposition testimony is nothing more than a reiteration of their affidavits.

### 2. Plaintiff's Claims

Cecilia Alfaro also argues that the court "overlooked" her claims of negligent design and construction of the crossing, design and construction of the road, engineering failure, negligence maintenance of the road and right of way to ensure adequate sight distances, and ongoing failures to identify, monitor, and respond to the dangerous conditions of the crossing. Further, Cecilia Alfaro argues that her purported railroad safety expert, Kenneth W. Heathington, Ph.D., P.E., did extensive research into the dangers of the crossing and that the court did not properly consider her claims regarding the design and construction of the crossing.

This court's October 3, 2012, Order and Reasons granting the defendants' motions for summary judgment specifically addresses the duties of each of the defendants relative to this accident. The October 3, 2012, Order and Reasons is structured to first outline the duties of a defendant in the section applicable to that defendant. Further, the court considered Heathington's opinions. The court did not "overlook" any of Cecilia Alfaro's claims, but rather analyzed the actual legal duties of each of the defendants, and found that they did not breach a duty owed to the plaintiff.

### 3. Dangerous Trap

Cecilia Alfaro argues that the dangerous trap doctrine does apply because Emelin Alfaro was not familiar with the railroad crossing. Cecilia Alfaro argues that the accident occurred in the

afternoon when Emelin Alfaro would normally be at school, so Emelin Alfaro was not familiar with the track at the time of day that the train passed and the accident occurred. Cecilia Alfaro also argues that her testimony regarding being able to see the train coming should be disregarded because she speaks Spanish and did not really understand what she was being asked.

At her deposition, Cecilia Alfaro testified that she had been in a vehicle driven by Emelin Alfaro on numerous occasions when Emelin Alfaro was able to stop and safely traverse the railroad track at the Capace Road Crossing. Further, there was an interpreter present at her deposition to ensure that she understood every question. Therefore, these arguments do not warrant reconsideration of the court's ruling.

### 4. Horn

Cecilia Alfaro argues that Amtrak is not entitled to preemption on this sounding of the horn. On September 17, 2009, the horn was measured at 103.3 dBA. The day after the accident, the horn was measured at 109 dBA. Cecilia Alfaro argues that there is no evidence of what was done to the horn in between those dates to increase its output.

As noted by the court in its October 3, 2012, ruling, the horn was performing according to the federal regulations the day after the accident. This is the best evidence of the horn's function on the day of the accident. Cecilia Alfaro's speculation about the horn's performance on remote dates does not warrant reconsideration of the court's ruling.

### CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Reconsideration of this Court's October 3, 2012, Ruling on the Defendants' Motions for Summary Judgment (Doc. #214) is **DENIED**.

New Orleans, Louisiana, this  7th  day of February, 2013.

                                                **MARY ANN VIAL LEMMON**
                                                **UNITED STATES DISTRICT JUDGE**